By the Court. Oakley, Ch. J.
The plaintiff claims to recover for money had and received, on the ground that the insurance money for the goods, was money received to his use, which he had assigned to Nixon & Bartlett, before the defendant had any right to retain it by way of set-off. And if wrong in this, he claims to recover under the count upon, an account stated, charging the defendant as an original insurer of the property. The defendant contends, 1st. That there were no moneys in his hands, at the time the assignment was made by the plaintiff to N. & B., and thus nothing passed to them by the assignment. 2d. If the assignment were operative, it vested in N. & B. the right to receive money, and' when received, it was. their .money and riot the plaintiffs, and they alone could sue for it. 3d. It was the defendant’s right to receive the insu- ■ ranee, and retain it towards ■ his demand against the plaintiff. And 4th. He had a right to set off such demand against the money received. . .
. First. Did the right to the insurance pass by thé assignment to Nixon & Bartlett? It purports to transfer the insurance money then in the hands of the defendant, when in fact he had received no money, and had merely a right of action. It also assigns all the plaintiff rs right tó thé insurance money then due *145 to him; and on a liberal construction of the instrument, we hold it sufficient to assign whatever demand the plaintiff then had against the defendant, whether it was for money received, or was a right to recover against him as an insurer.
Second. Waiving the defendant’s claim to retain the insurance money, was it received by the defendant, to and for the use of the plaintiff, so that the action can be maintained in his name 1 We think Nixon & Bartlett are mistaken in their view of the relation existing between the plaintiff and the defendant, when this money was received by the latter. It was not received for the plaintiff, because he had parted with all his interest in it, and the defendant was notified of that fact. The money was received for Nixon & Bartlett, to whom it had been assigned. If the suit were upon a bond, or other demand not assignable at law, the suit would necessarily have been in the name of the assignor; but this action is brought on the ground, that the defendant has received money to which the plaintiff is equitably entitled, and it should have been in the name of the party thus actually entitled to it. Nixon <fc Bartlett should have sued in their own names.
If the contract be viewed as a direct insurance founded on the defendant’s agreement and receipt of the premium, then the pleadings are entirely insufficient to sustain the suit. That contract could only be enforced in an action on the case, or in a direct suit as upon an express insurance. The money cannot be recovered on a count for a balance due on an account stated.
Without looking into the remaining points, we must direct a judgment of nonsuit to be entered.